UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARQUETTE MUKES a/k/a<br>MARQUETTE D. BENSON,<br><br>    Plaintiff,<br><br>VS.<br><br>STATE OF TENNESSEE, ET AL.,<br><br>    Defendants. | No. 18-2555-JDT-tmp |

ORDER DENYING PENDING MOTIONS,
DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 8, 2018, Plaintiff Marquette Mukes a/k/a Marquette D. Benson, an inmate at the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff did not pay the civil filing fee or submit a properly supported motion to proceed *in forma pauperis*. The Clerk shall record the Defendants as the State of Tennessee; Christopher Craft, Criminal Court Judge for the 30th Judicial District of Tennessee; Leon Jose, Assistant District Attorney for the 30th Judicial District; Trent Hall, Assistant Public Defender for the 30th Judicial District; the Memphis Police Department; and Memphis Police Officer B. Parker.

Under the Prison Litigation Reform Act, §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[1] Therefore, he may not file any further action

---

[1] *Benson v. Shelby County*, No. 03-2123-JPM (W.D. Tenn. May 30, 2003) (dismissed as frivolous); *Mukes v. Luttrell*, No. 00-2721-JPM (W.D. Tenn. Aug. 31, 2000) (dismissed as

in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

In this case, Plaintiff complains about his prior state-court criminal proceedings, asserting claims for false arrest, false imprisonment, malicious prosecution and wrongful conviction. He alleges he was not allowed to testify about or offer into evidence the "affidavit of police report" or 911 call statements because the trial judge ruled that both were hearsay. Plaintiff also alleges he was never allowed to face his accuser or the arresting officer. (ECF No. 1 at 2; ECF No. 1-1.) He seeks release from prison and monetary compensation. (ECF No. 1 at 3.)

On September 12, 2018, Plaintiff filed a motion for summary judgment. (ECF No. 4.) Because this case is being dismissed, that motion is DENIED. Plaintiff also filed a "motion for filing 28 U.S.C. § 1915" on September 21, 2018. (ECF No. 5.) In that motion, which the Court construes as an unsupported motion to proceed *in forma pauperis*, Plaintiff asserts in a conclusory manner that his allegedly wrongful conviction "[i]s a clear case of iminent [sic] danger." (*Id.*)

---

frivolous); and *Mukes v. Luttrell*, No. 00-2657-BBD (W.D. Tenn. Aug. 1, 2000) (dismissed as frivolous).

Notwithstanding Plaintiff's assertion that he has shown imminent danger, there is nothing about a criminal conviction, even a wrongful conviction, that creates an imminent danger of serious physical injury in and of itself. The complaint in this case does not come within the exception to 28 U.S.C. § 1915(g); therefore, the Court cannot address its merits unless Plaintiff first tenders the civil filing fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is DENIED pursuant to § 1915(g). This action is DISMISSED without prejudice. Plaintiff may, within twenty-eight (28) days after the entry of judgment, re-open the case by filing a motion to re-open accompanied by full payment of the $400 civil filing fee.

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Plaintiff in this case would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE